IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HENRY LEWIS ASTROP,

    Plaintiff,

v.

    Civil Action Number 3:09CV681

ECKERD CORPORATION
and
RITE AID CORPORATION,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter is ripe for adjudication, and oral argument would not aid the decision-making process.

Facts and Procedural History

On October 26, 2009, Plaintiff Henry Lewis Astrop ("Astrop" or "Plaintiff") filed a complaint ("Federal Complaint") against Eckerd Corporation and Rite Aid Corporation[1] (collectively "Defendants") alleging that he suffered various injuries due to Defendants' alleged failure to have his medications in stock when he wanted them. He alleges that Defendants owed him a duty to provide his medications when requested. On February 18, 2010, Defendants filed a motion to dismiss, along with a memorandum in support of the motion and exhibits, and a *Roseboro* notice pursuant Local Rule 7(K). Numerous pleadings have been filed by Plaintiff, and several orders have

---

[1] Eckerd Corporation was purchased by Rite Aid Corporation in 2007 so, with regard to this matter, Eckerd Corporation's and Rite Aid Corporation's interests are indistinguishable. Eckerd Corporation is the entity that owned and operated the store at issue in this case at the time of the events alleged in the Federal Complaint and the State Complaint, but Plaintiff refers to the store as "Rite Aid."

been issued by the Court, including orders that extended Plaintiff's response time to the motion to dismiss. *See* Orders dated March 1, 2010, March 24, 2010, and March 31, 2010 (Docket Nos. 22, 27 & 29).

Prior to his filing the Federal Complaint, Astrop had filed, on November 5, 2008, a complaint in the Circuit Court for Brunswick County, Virginia against "Rite Aid Distributors" ("State Complaint"). Because "Rite Aid Distributors" does not exist, on January 12, 2009, at a hearing in the Circuit Court for Brunswick County, Virginia, the judge corrected the misnomer, substituting Eckerd Corporation for the non-existent "Rite Aid Distributors." Astrop's State Complaint was very much like the Federal Complaint. It alleged that Astrop ordered several medications "which must be taken together," that Rite Aid did not have the medications in stock, and that Astrop suffered injuries as a result of Rite Aid's failure to provide the medications within two weeks. *See* State Complaint, attached as Ex. B to Defendants' memorandum in support of their motion to dismiss (Docket No. 18). As in the Federal Complaint, Astrop alleges in the State Complaint that Defendants owed him a duty to provide his medications. Defendants deny many, if not all, of the factual allegations contained in the State Complaint but filed a demurrer on the basis that, even if the allegations were true, the allegations amounted to nothing more than a criticism as to the level of service they provided to Astrop and did not set forth a cognizable claim under Virginia law. The Circuit Court for Brunswick County, Virginia agreed with the Defendants and dismissed Astrop's case with prejudice on the merits. *See* Order of Brunswick Circuit Court, attached as Ex. C, and Hearing Transcript, attached as Ex. F, to Defendants' memorandum in support of their motion to dismiss (Docket No. 18). After a period during which Astrop is alleged to have sent harassing letters to Rite Aid, which were also filed with the Circuit Court for Brunswick County, Virginia as

2

additional pleadings to his dismissed case, and phone calls to Rite Aid employees, Astrop then filed his Federal Complaint.

As noted previously, on February 18, 2010, Defendants filed a motion to dismiss, together with a memorandum and exhibits in support of the motion and a *Roseboro* notice. The *Roseboro* notice properly advised the Plaintiff that, pursuant to Local Rule of Civil Procedure 7(K), he was entitled to file a response to the motion to dismiss and that such response must be filed within twenty days of the date of the filing of the motion. It also advised him that if he did not file a response to the motion, the Court may dismiss the case. The Plaintiff filed a motion for an extension of time which the Court granted by Order of March 1, 2010, ordering that Plaintiff's response to the motion to dismiss be filed no later than thirty (30) days from the date of the March 1, 2010 Order. Following that Order, the Plaintiff filed a pleading (Docket No. 23) that appeared to be a response to the Court's March 1 Order. The Plaintiff stated that he had forwarded "a questionaire"[sic] to various individuals associated with the defendant corporations. Next, the Plaintiff filed a motion to compel (Docket No. 24) by which he sought responses from these individuals. Thereafter, the Defendants filed a motion for a protective order asking the Court to rule that the Defendants are not required to respond to the Plaintiff's questionnaires until there is a ruling on the Defendants' Rule 12(b)(6) motion to dismiss. In that motion, the Defendants correctly stated that a Rule 12(b)(6) motion tests the legal sufficiency of the allegations contained within the complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) ("[W]e are not so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint."). The purpose of a Rule 12(b)(6) motion "is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991) (quoting *District 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir.

1979)). Another laudable purpose of a Rule 12(b)(6) motion is to address potentially legally meritless claims efficiently, prior to expensive and time-consuming discovery. *Hill v. Briggs & Stratton*, 1988 WL 86620, *4 (4th Cir. 1988). The Court noted the following in its March 1 Order:

> Defendants' arguments in support of their Rule 12(b)(6) motion are essentially legal arguments that the plaintiff has failed to state a claim upon which relief may be granted because (1) the complaint fails to state any cognizable duty owed to the plaintiff by the defendants and (2) principles of preclusion require dismissal due to the dismissal with prejudice on demurrer of plaintiff's case in a state court. Therefore, acquiring further information, as plaintiff has stated is his intention, is not likely to be useful**.**

In its March 24 Order, the Court informed Plaintiff that he must address Defendants' legal arguments in his response to the motion to dismiss, and the Court ruled that Defendants were not required to answer any questionnaires or any other discovery propounded by Plaintiff until after the Court ruled on Defendants' motion to dismiss. The Court also extended the time in which Plaintiff's response to Defendants' motion to dismiss was due based on his statement to the Clerk's Office that he did not receive the Court's Order of March 1, 2010. Plaintiff filed another motion to compel on March 29, 2010. By Order issued on March 31, 2010, the Court denied that motion to compel, referencing the reasons set forth in the Court's Order of March 24, 2010. Thereafter, Plaintiff responded to the motion to dismiss. He also filed another motion for an extension of time in order to seek discovery and a motion to compel, to which Defendants have responded.

Legal Standard and Analysis

As noted previously, a Rule 12(b)(6) motion tests the legal sufficiency of the allegations contained within the complaint. *See Randall, supra,* 30 F.3d at 522. In reviewing the legal sufficiency of a complaint, the factual allegations in the complaint are construed "in the light most favorable to the plaintiff." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). The purpose of a Rule 12(b)(6) motion "is to provide a defendant with a mechanism for testing the legal

4

sufficiency of the complaint." *Id.* (quoting *District 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979)).

Defendants' arguments in support of their Rule 12(b)(6) motion are that Plaintiff has failed to state a claim upon which relief may be granted because (1) principles of preclusion require dismissal due to the dismissal with prejudice on demurrer of Plaintiff's case in a state court and (2) the Complaint fails to state any cognizable duty owed to Plaintiff by Defendants.

Article IV, § 14, of the Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001). Title 28, United States Code, Section 1738 states that the judicial decisions of the courts of any state in the United States shall have full faith and credit of any other court in the United States, including federal courts. It states in relevant part:

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C.A. § 1738. "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City. Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

A demurrer in Virginia is essentially a motion to dismiss for failure to state a claim, like under Rule 12(b)(6). *See Virginia Energy Co. v. Phibro Energy, Inc.*, 711 F. Supp. 870, 873 (W.D. Va.1989) ("The Rule 12(b)(6) motion to dismiss for failure to state a claim is a lineal descendent of the common law general demurrer, which put in issue the legal sufficiency of plaintiff's declaration.") (citing Wright & Miller, *Federal Practice and Procedure* 587 (1969)). In Virginia, an order granting a demurrer is a decision on the merits of the case and is entitled to preclusive effect. *See Griffin v. Griffin*, 32 S.E.2d 700 (1945) (giving preclusive effect to dismissal on demurrer); *Rivers v. Norfolk, Baltimore, and Carolina Line, Inc.*, 210 F. Supp. 283 (E.D. Va. 1962) (interpreting Virginia law and noting that a dismissal on demurrer is a judgment on the merits and would have preclusive effect).

Astrop's State Complaint was dismissed with prejudice on demurrer in the Circuit Court of Brunswick County, Virginia. This was a dismissal on the merits, and it has preclusive in this Court. Accordingly, Defendants' motion to dismiss the Federal Complaint based on preclusion principles will be granted.

Further, even if Astrop's Federal Complaint was not precluded as a result of the previous dismissal, it still fails to state a claim upon which relief can be granted because it fails to state any cognizable duty owed to Plaintiff by Defendants or any facts upon which such a duty could be founded. A review of applicable case law located no case that holds that a retail pharmacy has a duty to have certain medications in stock at all times, nor has the Plaintiff cited any such case. Indeed, given the number of medications that exist, such a duty would be physically impossible for most pharmacies. The state judge reached the same conclusion: "They do not have a duty to have available every drug that someone might request." Hearing Tr., attached as Ex. F, to Defendants' memorandum in support of their motion to dismiss, p. 13. Although Astrop's Federal Complaint

6

cites various provisions of the Virginia Code, the Virginia Administrative Code, and the Food, Drug and Cosmetic Act, these provisions do not support Astrop's claim that the Defendants breached a duty it owed him, as the provisions deal with the licensure of pharmacists, procedures for mailing prescriptions, the keeping of refill records, and other various requirements. None of these provisions sets forth a duty on the part of a retail pharmacy to have certain medications in stock at all times. For these reasons, even if Astrop's Federal Complaint was not precluded as a result of the state court dismissal, it would be dismissed because it fails to state any cognizable duty owed to Plaintiff by Defendants or any facts upon which such a duty could be founded.

Conclusion

For the reasons set forth herein, Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), will be granted and this matter will be dismissed with prejudice.

An appropriate Order shall issue.

April 29, 2010  /s/
DATE  RICHARD L. WILLIAMS
  SENIOR UNITED STATES DISTRICT JUDGE